UNITED STATED DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CASE NO. 5:11-cv-146-RLV-DSC

ALEXIS CHRISTOPHER BARBER, )
)
Plaintiff, )
)
v. ) **ORDER**
)
DE ROYAL INDUSTRIES, INC., )
)
Defendant. )
_____)

**THIS MATTER** is before the Court on Defendant's Motion for Summary Judgment (Doc. 22) filed on October 15, 2012.

## I. Background

Plaintiff Alexis Christopher Barber ("Barber") filed this suit against Defendant DeRoyal Industries, Inc., ("DeRoyal") on November 18, 2011, alleging negligent and wrongful conduct in connection with the design, development, manufacture, testing, packaging, promotion, advertising, marketing, distribution, labeling, and sale of the DeRoyal T505 cold therapy unit ("CTU").[1] (Doc. 1.) The Pretrial Order and Case Management Plan were entered on January 4, 2012, and discovery was due on August, 31, 2012. (Doc. 17.)

On October 2, 2012, the Court granted Barber's attorneys' motions to withdraw from representation. (Doc. 18; 19.) On October 16, 2013, the Court entered a *Roseboro* Order[2] requesting that Barber respond to DeRoyal's motion for summary judgment and advising Barber

---

[1] Barber was prescribed use of the CTU following medical treatment on October 26, 2010, for an injury he suffered to his right knee. (Doc. 1 at 3.) Barber alleges that DeRoyal's negligence in designing, producing, marketing, and packaging the CTU proximately resulted in numbness, pain, and permanent nerve and tissue damage to his leg due to sustained exposure to cold temperatures while using the CTU.

[2] *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975).

of the consequences of failing to do so. (Doc. 29.) The Clerk's Office directed this order to Barber's address, as initially provided to the Court, at 2126 Windrush Court, Statesville, NC 28625, but this initial delivery was returned undeliverable. (Doc. 30.) Upon further investigation, the Clerk's Office discovered an alternative address, at 603 Phillips Lane, Apt. 603, Statesville, NC 28625, that was listed in the Motion to Withdraw as Counsel by Barber's previous attorneys. (Doc. 18 at 3.) The Court reissued the *Roseboro* Order to the new address on November 5, 2013, and gave Barber until November 25, 2013, to make some kind of response to the Court. The Clerk's Office was able to confirm over the telephone that Barber resided at the address and had received the *Roseboro* Order.

To date (December 16, 2013) Barber has made no response to DeRoyal's Motion for Summary Judgment.

## II. Discussion

Rule 56(c) of the Federal Rules of Civil procedure permits the entry of summary judgment where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Anderson v Liberty Lobby*, 477 U.S. 242 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude entry of summary judgment." *Anderson*, 477 U.S. at 248.

To withstand a motion for summary judgment, the non-moving party must produce competent evidence to reveal the existence of a genuine issue of material fact for trial. *Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 649 (4th Cir. 2002). Courts, in considering motions for summary judgment, view the facts and inferences in the light most favorable to the non-

of the consequences of failing to do so. (Doc. 29.) The Clerk's Office directed this order to Barber's address, as initially provided to the Court, at 2126 Windrush Court, Statesville, NC 28625, but this initial delivery was returned undeliverable. (Doc. 30.) Upon further investigation, the Clerk's Office discovered an alternative address, at 603 Phillips Lane, Apt. 603, Statesville, NC 28625, that was listed in the Motion to Withdraw as Counsel by Barber's previous attorneys. (Doc. 18 at 3.) The Court reissued the *Roseboro* Order to the new address on November 5, 2013, and gave Barber until November 25, 2013, to make some kind of response to the Court. The Clerk's Office was able to confirm over the telephone that Barber resided at the address and had received the *Roseboro* Order.

To date (December 16, 2013) Barber has made no response to DeRoyal's Motion for Summary Judgment.

## II. Discussion

Rule 56(c) of the Federal Rules of Civil procedure permits the entry of summary judgment where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Anderson v Liberty Lobby*, 477 U.S. 242 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude entry of summary judgment." *Anderson*, 477 U.S. at 248.

To withstand a motion for summary judgment, the non-moving party must produce competent evidence to reveal the existence of a genuine issue of material fact for trial. *Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 649 (4th Cir. 2002). Courts, in considering motions for summary judgment, view the facts and inferences in the light most favorable to the non-

moving party. *Anderson*, 477 U.S. at 255. However, mere allegations of injury contained in the pleadings are not sufficient to resist a motion for summary judgment. *Celotex, Corp.*, 477 U.S. at 325.

Having concluded discovery, DeRoyal argues that Barber has presented no evidence of personal injury resulting from his use of the CTU. Specifically, the only medical assessments provided by Barber are notes made by Barber's physician during two follow up visits on November 1, 2010, and November 22, 2010. (Doc. 26; 27.) These notes make no mention of numbness, stiffness, pain, or signs of nerve injury in Barber's leg and recount that Barber was comfortable enough to request to go back to work at the November 22 visit. (*Id.*) The plan was to have Barber return to a full work schedule beginning December 1, 2010, and to follow up with a final visit six weeks after November 22, 2013. (Doc. 27.) No documentation regarding the final follow up visit has been provided by Barber. Further, Barber has provided no documents containing any mention of numbness, swelling, pain, stiffness, or nerve injury as alleged in the Complaint.

Personal injury or damages is an essential element of every claim asserted by Barber but he has failed to make any showing of either element. As such, summary judgment in this case is proper because no genuine issues of material fact exist and DeRoyal is entitled to judgment as a matter of law.

### III. Conclusion

Based upon the foregoing, **IT IS HEREBY ORDERED**, that Defendant's Motion for Summary Judgment is **GRANTED** and all claims for relief brought are **DISMISSED WITH PREJUDICE.**

Signed: December 23, 2013

Richard L. Voorhees
United States District Judge